**Opinion issued December 19, 2012**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-12-01135-CV

———————————

### IN RE JAMES JOSEPH ROONEY, Relator

———

### Original Proceeding on Petition for Writ of Mandamus

———

### MEMORANDUM OPINION

Relator, James Joseph Rooney, has filed a petition for writ of mandamus in this Court. The related action pending in the trial court is a suit to modify the parent-child relationship.[1] In his mandamus petition, Rooney challenges the December 14, 2012 temporary order, purportedly "approved by a visiting associate

---

[1] The underlying case is *In re K.K.R.*, No. 2012-43652 (308th Dist. Ct., Harris Cnty., Tex.), the Honorable James Lombardino, presiding.

judge," compelling him to pay $50,000 in interim attorney's fees to the real party in interest, Kora Jean Leach, and her attorneys.

Rooney identified the Honorable James Lombardino as the respondent. The copy of the December 14, 2012 temporary order included in the mandamus record was not signed by Judge Lombardino or any other judge. However, Rooney attached the affidavit of his trial counsel to the copy of the complained-of order submitted with his petition. This affidavit provides that the order was "approved by a visiting associate judge in the 308th District Court" and that a "certified copy of the Order is unavailable . . . because it has not been signed by the presiding judge at this time."

Thus, it does not appear that Judge Lombardino, the respondent, signed the order in question, and we do not have mandamus jurisdiction over an associate judge. *See* TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004) (providing for mandamus jurisdiction over judge of district court or county court); *In re Giesen*, No. 01-12-00941-CV, 2012 WL 6082551, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, orig. proceeding) (mem. op.) (holding that we do not have mandamus jurisdiction over associate judge).

2

Accordingly, we dismiss Rooney's petition for writ of mandamus for lack of jurisdiction. Any remaining motions are likewise dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.